UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

L. WHITNUM,
    Plaintiff,

v.                                          No. 3:14-cv-1183 (SRU)

TOWN OF GREENWICH, et al.,
    Defendants.

### RULING AND ORDER ON PLAINTIFF'S MOTIONS

On August 14, 2014, *pro se* plaintiff L. Whitnum filed this lawsuit against the defendants, the Town of Greenwich and the Greenwich Police Department (collectively, "the defendants"), alleging multiple federal and state constitutional torts. Whitnum also moved for leave to proceed *in forma pauperis* (doc. 2), and Magistrate Judge William I. Garfinkel granted Whitnum's motion (doc. 6). On March 11, 2015, the defendants moved for security for costs pursuant to Local Rule 83.3 of the U.S. District Court for the District of Connecticut's Local Rules of Civil Procedure (doc. 22).[1] As provided in Local Rule 83.3, the Clerk granted the defendants' motion (doc. 23) and required Whitnum to deposit a bond as security for costs by April 12, 2015. Whitnum then filed a motion for reconsideration (doc. 29) of that order, a motion for extension of time to comply, and a motion for sanctions (doc. 30) alleging she received no notice of the

---

1. Local Rule 83.3 contains the following provisions:

   **(a) Security for Costs**
       Any time after the commencement of an action, the defendants, or the plaintiffs upon the filing of a counterclaim, are entitled on request to the Clerk to an order to be entered by the Clerk, as of course, for a cash deposit or bond with recognized corporate surety in the sum of $500.00 as security for costs to be given within thirty days from the entry of such order. Parties who are jointly represented by the same counsel will be deemed to be one party for the purposes of this $500 limitation. Additional, substituted, or reduced security, or a justification of financial responsibility by any surety, may be ordered by the Court at any time during the pendency of the action for good cause found by the Court. Noncompliance with an order entered hereunder may be grounds for summary dismissal or default upon application by a party and notice to the non-complying party.

   **(b) Modification and Waiver**
       Upon good cause shown, the Court may modify or waive the requirements of this Rule.

defendants' motion for security for costs.  I then extended the deadline for Whitnum's compliance.

In light of Whitnum status as a *pro se* plaintiff appearing *in forma pauperis*, and for the reasons set forth below, it would be inequitable to require her to comply with Local Rule 83.3. Accordingly, the order granting the defendants' motion for security of costs (doc. 23) is **vacated**, and the defendants' motion is **denied** without prejudice.

I. **Standard of Review**

The court must liberally construe the pleadings of *pro se* plaintiffs.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotes and citations omitted).  Materials submitted by a non-moving *pro se* plaintiff are interpreted to "raise the strongest arguments [those materials] suggest."  *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (internal citations omitted).

Although a motion for reconsideration is held to a strict standard, I construe Whitnum's motion as a request for a waiver.  *See* Local R. Civ. P. 83.3(b).  Accordingly, I evaluate her motion to determine if Whitnum has demonstrated good cause for waiving or modifying the bond requirements of Local Rule 83.3.

II. **Discussion**

A. <u>Whitnum's Motion for Waiver of Local Rule 83.3's Bond Requirement</u> (doc. 29)

The U.S. District Court for the District of Connecticut, like many other district courts, imposes a bond requirement "to insure that whatever assets a party does possess will not have

been dissipated or otherwise have become unreachable by the time such costs actually are awarded." *Leary v. Manstan*, No. 3:13-cv-639 (JAM), 2015 WL 521497, at *2 (D. Conn. Feb. 9, 2015) (quoting *Selletti v. Carey*, 173 F.3d 104, 112 (2d Cir. 1999) (emphasis omitted)).  Local Rule 83.3(b) also allows a district judge discretion to modify or waive the bond requirement, particularly when imposition of the bond would undermine a plaintiff's ability to "receiv[e] a fair chance to be heard." *Selletti*, 173 F.3d at 111; *see also Farmer v. Arabian Am. Oil Co.*, 285 F.2d 720, 722 (2d Cir. 1960) (noting that failure to sufficiently consider a party's ability or inability to file a bond "would go far in making the federal court a court only for rich litigants . . . .").

District of Connecticut judges have often determined whether to waive or modify a bond by evaluating a plaintiff's ability or inability to post security. *See, e.g.*, *Javier v. Deringer-Ney, Inc.*, 501 F. App'x 44, 46 (2d Cir. 2012) (summary order); *Santora v. All About You Home Care Collaborative Health Care Serv., LLC*, No. 3:09-cv-339 (DJS), 2010 WL 4942665, at * 3 (D. Conn. Nov. 23, 2010);  *Mills v. City of New Haven*, No. 3:08-cv-1046 (MRK), 2009 WL 3769107, *3 (D. Conn. Nov. 10, 2009).  In order to evaluate a party's ability or inability to pay, the Court often requests financial affidavits similar to those provided when a party moves to appear *in forma pauperis*.

In granting Whitnum's motion to appear *in forma pauperis*, Magistrate Judge Garfinkel determined that Whitnum was unable to pay the $400 filing fee for civil lawsuits.  Based on Whitnum's limited financial capacity, it would be inequitable to waive Whitnum's filing fee but require her to post security of an even greater value—$500.  Accordingly, Whitnum's motion to waive Local Rule 83.3's bond requirement is **granted** without prejudice to the defendants re-filing their motion if Whitnum's ability to post security changes at some future time during the course of litigation.

3

B.  <u>Motion for Sanctions</u> (doc. 30)

Whitnum filed a form consenting to electronic notice on December 16, 2014 (doc. 10), and she currently participates in electronic filing.  Under the District of Connecticut's Standing Order regarding Electronic Filing Policies and Procedures, any *pro se* litigant who participates in electronic filing consents to receive electronic service.  D. Conn. Elec. Filing Policies & P. 14 (revised Oct. 10, 2013), *available at* http://ctd.uscourts.gov/court-info/local-rules-and-orders (accessed June 19, 2015).  Whitnum received notice at the e-mail address she provided to the court on March 11, 2015, the same day that the defendants electronically filed their motion.  The defendants have conformed with the court's electronic service requirements, and accordingly, there is no basis upon which to impose sanctions.  Accordingly, Whitnum's motion for sanctions is **denied**.

**III.  Conclusion**

For the reasons provided in this ruling and based upon the record before me, the Clerk's order granting security for costs (doc. 23) is **vacated**, and the defendants' motion for security (doc. 22) is **denied** without prejudice.  Whitnum's motion for sanctions is also **denied**.

It is so ordered.

Dated at Bridgeport, Connecticut, this 22nd day of June 2015.

    /s/ STEFAN R. UNDERHILL
    Stefan R. Underhill
    United States District Judge